Bohn, J.
I. Statement of Facts and Procedural History
On September 17, 1996, this Court granted in part a motion for summary judgment filed on behalf of the plaintiff, Yusaf Ali (“Ali”) [6 Mass. L. Rptr. No. 2, 32 (December 2, 1996)]. Specifically, the Court found that, in early 1995, while Ali was a prisoner at Massachusetts Correctional Institution-Shirley, defendant officials of the Department of Corrections excluded Ali from observing certain aspects of Ramadan;[2] and, declared that that exclusion violated the Religious Freedom Restoration Act, 42 U.S.C. §2000bb. Subsequently, the parties agreed to settle plaintiffs claim for damages by the payment of five thousand dollars ($5,000) and the filing of a Stipulation of Dismissal. Further, the parties agreed to the payment of reasonable attorneys fees in an amount to be determined by the Court.
This case is now before this Court for resolution of the plaintiffs motion for attorneys fees and costs. In his motion, the plaintiff seeks an award of $39,012.50 in attorneys fees and $186.07 in costs incurred between May 18, 1995 and November 16, 1998, when Ali was represented by attorney Dennis J. Bannon. The plaintiff asserts that the fees and costs are fair and reasonable, given the complexity of the case, the results obtained and the civil rights which were vindicated.
While conceding that plaintiffs counsel is entitled to fees, the defendants oppose the amount of those fees and ask this Court to reduce the requested amount by $ 10,486.25. The defendants argue that, by applying the fee schedule implemented in the Prison Litigation Reform Act, 42 U.S.C. §1988, to the fees charged in this case after the date of the PLRA enactment (April 26, 1996), those fees should be reduced by $5,861.25.[3] Additionally, the defendants assert that the number of hours spent on legal research was unreasonable and should be reduced by half, that is, by an additional $4,625. As noted, therefore, the total reduction sought by the defendants is $10,486.25.
Based on the arguments of counsel, review of the applicable law and an evaluation of the work performed in this case, it is the opinion of this Court that the amount of fees to be awarded to plaintiff for work done by his attorney is $32,285.00. An order to that effect will enter.
II. Discussion
1. Prison Litigation Reform Act
The enactment of the Prison Litigation Reform Act, 42 U.S.C. §1997e, on April 26, 1996, significantly changed the availability of attorneys fees with respect to civil rights suits brought by prisoners by establishing a cap on those fees. Under that Act, specific guidelines were established which require that the hourly rate billed by an attorney not exceed 150 percent of the hourly rate established under 18 U.S.C. §3006A for court-appointed counsel. 42 U.S.C. §1997e(d)(3). The hourly rate established in 18 U.S.C. §3006A allows for $60 per hour spent in court and $40 per hour spent out of court. 18 U.S.C. §3006A(d)(l). The 150 percent maximum set out in the PLRA, therefore, results in a rate of $90 per hour for in-court time and $60 per hour for out-of-court time.
Several courts have considered the question of whether the hourly rates set forth in the PLRA would apply retroactively and have determined that they do not. See Blisset v. Casey, 147 F.3d 218, 221 (2nd Cir. 1998); Cooper v. Casey, 97 F.3d 914, 921 (7th Cir. 1996); Hadix v. Johnson, 947 F.Sup. 1113, 1114 (E.D. Mich. 1996); see also, Landgraf v. U.S.I. Film Products, 511 U.S. 244, 280 (1994) (holding that absent a clear statement of congressional intent favoring retroactivity of a statute there is a presumption against retroactive application of a statute). For those reasons, therefore, it is necessary to separate the time expended by plaintiffs counsel before and after April 26, 1996, in order to determine appropriate attorneys fees for this action.
According to his billing records, the plaintiffs attorney spent a total of 312.10 hours working on this case and, at the time, billed at the rate of $125 per hour. Of the 312.10 hours, 208.6 hours were billed at the rate of $125 per hour for work completed prior to April 26, 1996, the date the PLRA became effective, and result in attorneys fees of $26,075.00. One-hundred and three hours and thirty minutes (103.5 hours) of the 312.10 hours were billed after April 26, 1996 and, therefore, are subject to the PLRA fee schedule. Three (3) of those 103.5 hours were spent in court and 100.5 were *70 spent out of court. The allowable charge under the PLRA guidelines for in court time is $90 per hour; for out of court time, the allowable charge is $60 per hour. Calculating the time billed after April 26, 1996 under the PLRA guidelines results in a maximum allowable charge of $6,210.00.[4] Therefore, under the PLRA guidelines, the maximum allowable award of attorneys fees is $32,285.00.[5]
2. Reasonableness of Attorney Fees
In addition to challenging the amount of the fees on statutory grounds, the defendants argue that the plaintiffs attorney fees are unreasonable because 74.60 hours out of a total of 312.10 hours spent on this case involved legal research.
The awarding of attorneys fees under 42 U.S.C. §1988 allows for “a reasonable attorneys fees as part of the costs,” 42 U.S.C. §1988(b); and the task of determining the amount of reasonable attorney’s fees is committed to the discretion of the trial court. Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983); Langton v. Johnson, 928 F.2d 1206, 1224 (1st Cir. 1991); Stratos v. Dept of Public Welfare, 387 Mass. 312, 321 (1982). There are twelve criteria to consider when determining the reasonableness of attorneys fees. They are: (1) the time and labor expended by the attorney, (2) the novelty and difficulty of the case, (3) the attorney’s skill, (4) the preclusive effect of the case on counsel’s ability to take on other work, (5) the attorney’s customary fee, (6) the contingency of the outcome, (7) the unusual time pressures involved in the litigation, (8) the amount of money involved in the case and the results achieved, (9) the attorney’s experience, ability and reputation, (10) the undesirability of being associated with the case, (11) the length of professional relationship between the litigant and counsel, and (12) the awards in similar cases. Stratos v. Dept of Public Welfare, 387 Mass. 312, 321 (1982). According to the Supreme Judicial Court, these criteria are to be considered in a particular fashion. Id. at 322. First, the court should consider the time billed by the attorney and decide whether it was reasonable in light of the difficulty of the case and the results obtained. Id., at 323. Second, the calculation of the hourly rates should begin with the average rates in the attorney’s community for similar work by attorneys of the same years’ experience. Id., at 323. If there appears good reason for doing so, the prevailing rates can be modified according to the remaining criteria. Id. at 323.
In applying the first prong, this Court finds that the plaintiffs attorney spent a reasonable amount of time on this case, considering the difficult issues presented and the important civil right involved in this case. Plaintiffs attorney had to learn about the various religious aspects involved in this case, such as the teachings of the Muslim faith, the teachings of the Nation of Islam, and the observation of Ramadan. There were also numerous legal obstacles forplaintiffsattorneythroughout.TheReligiousFreedom Restoration Act (RFRA) was passed in 1993 and, therefore, was a relatively new area in which to conduct litigation. To complicate matters further, in the course of the litigation, the RFRA was found unconstitutional, City of Boerne v. Flores, 521 U.S. 507, 507 (1997); and then, during the litigation, the Prison Litigation Reform Act was passed, introducing further complication and nuance. All of these issues presented substantial hurdles to plaintiffs attorney and required additional time in which to respond appropriately.
Plaintiffs attorney litigated an important religious right. Ali, a practicing Muslim since 1981, had been permitted to observe Ramadan while in other institutions and was denied the right while imprisoned at MCI-Shirley. The time billed by the plaintiffs attorney, including the time billed for legal research, was appropriate and reasonable.
Moreover, the rate charged by plaintiffs attorney is reasonable, considering the rates in the greater Boston area and the attorney’s experience. Plaintiffs attorney has been a lawyer since 1988, during which time he clerked for a United States District Court Judge for the District of Massachusetts and was an associate in the general trial department at the firm of Burns & Levinson. Among other things, he participated in the prisoner’s civil rights case of Langton v. Hogan, 71 F.3d 930 (1995). Plaintiffs attorney is now in private practice in Boston. His requested fee of $125 per hour is lower than the average hourly rate charged by attorneys of similar experience in this community, and is entirely reasonable. Additionally, there appears no good reason to reduce this rate based on the other criteria.
III. Order
For the reasons stated above, the Court awards plaintiff $32,285.00 in attorneys fees and $186.07 in costs.

 In 1995, Ramadan took place during February and March. In order to facilitate inmates’ observance of Ramadan, MCI-Shirley made special dietary, eating and prayer arrangements for Muslim inmates. For example, inmates were given bagged breakfasts in the evening to bring back to their cells to be eaten before dawn, in accordance with the Ramadan requirement of fasting during the daylight hours. In order to take advantage of certain of these arrangements, an inmate's name had to appear on a list (the “Ramadan list") prepared by defendant Ibrahim Rahim (“Rahim”), the Muslim chaplain employed by the Department of Corrections at MCI-Shirley, and a recognized Imam, or Muslim Religious Leader. Inmates whose names were not on the Ramadan list were not able to receive their breakfasts in the evening; however, they were still entitled to observe some of the requirements of Ramadan. For example, there were apparently Muslim services open to anyone during the month of Ramadan; additionally, according to defendant Rahim, no pork was served at MCI-Shirley during that month.

 Because Congress did not provide an express effective date, the PLRA presumptively became effective on April 26, 1996, the date the President signed it into law. Blisset v. Casey, 147 F.3d 218 (2nd Cir. 1998).

 One hundred hours and thirty minutes (100.5 hours) spent conducting work out of court, billed at the rate of $60.00 per hour, results in fees of $6,030.00. Three (3) hours spent conducting work while in court, billed at the rate of $90.00 per hour, results in fees of $180.00. Adding the out-of-court fees of $6,030.00 to the in-court fees of $180.00 equals $6,210.00.

 Adding the $26,075.00 in fees for work completed prior to the PLRA being passed to the $6,210.00 in allowable fees for work completed after the PLRA was passed results in a maximum allowable award of attorneys fees of $32,285.00.