STEVEN KADLICK & others[1] *vs.* DEPARTMENT OF MENTAL
HEALTH & others.[2]

Suffolk. April 3, 2000. - June 28, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Civil Rights,* Mental health, Attorney's fees. *Anti-Discrimination Law,* Attorney's fees. *Practice, Civil,* Attorney's fees, Judicial discretion.

No special circumstances rendered unjust a judge's exercise of discretion to award attorney's fees to prevailing plaintiffs in their civil rights action brought under 42 U.S.C. § 1983. [852-858]

CIVIL ACTION commenced in the Superior Court Department on July 12, 1994.

A motion for attorney's fees was heard by *Margaret R. Hinkle,* J., and an order approving a stipulation of settlement of attorney's fees was entered by her.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Amy Spector,* Assistant Attorney General, for the defendants.
*Frank Laski (Jennifer Honig* with him) for the plaintiffs.

MARSHALL, C.J. This case arises from an award of attorney's fees to the plaintiffs for legal work performed by the Mental Health Legal Advisors Committee (MHLAC)[3] in a civil rights suit against the Department of Mental Health (DMH or depart-

---

[1]Michael McHugh, Martin Maloney, William Kraft, John Dion, Shari Lyons, Patricia Connors, Kevin Mulvey, Stephen Colantino, and David Demers.

[2]The Commissioner of Mental Health, the chief operating officer of Worcester State Hospital, and the chief operating officer of Westborough State Hospital. We shall refer to a single defendant.

[3]The Mental Health Legal Advisors Committee is appointed by the Supreme Judicial Court, pursuant to G. L. c. 221, § 34E. Its work includes conducting programs to assist and advise indigent patients and residents at mental health facilities in the Commonwealth. See G. L. c. 221, § 34E. The operation of MHLAC is paid for, at least in part, by an annual appropriation of the Legislature, see, e.g., St. 1998, c. 194, § 2, line item 0321-2000; St. 1997, c. 43, § 2, line item 0321-2000, which, according to MHLAC, pays the

ment). The plaintiffs had sought the fees under three statutes that allow an award of attorney's fees to a "prevailing" party in such suits: 42 U.S.C. § 1988 (1994) (§ 1988); 42 U.S.C. § 12205 (1994) of the Americans with Disabilities Act (ADA); and G. L. c. 12, § 11I, of the Massachusetts Civil Rights Act. The department appealed, claiming that, due to the existence of special circumstances that would render the award of fees unjust, attorney's fees in this case should have been denied. We transferred the case to this court on our own motion and affirm the judgment.

1. *Background.* The plaintiffs, all mentally disabled residents of Worcester State Hospital and Westborough State Hospital, brought a civil rights class action against the department and certain of its officials pursuant to arts. 1, 10, and 12 of the Massachusetts Declaration of Rights; arts. 93 and 114 of the Amendments to the Massachusetts Constitution; the Fourteenth Amendment to the United States Constitution; 42 U.S.C. § 1983 (1994) (§ 1983); 42 U.S.C. § 407 (1994); and the ADA for improper handling of funds possessed or received by the plaintiffs while residing in the hospitals, particularly for misappropriation of the plaintiffs' Social Security disability insurance benefits.[4] The parties reached a settlement, which was approved by the court. The settlement provided for virtually all the relief the plaintiffs sought except for their claim for attorney's fees.

The plaintiffs moved to recover attorney's fees for legal work performed by their MHLAC counsel.[5] The judge ruled that the plaintiffs were entitled to receive attorney's fees and left the

---

salaries of staff attorneys who carry out MHLAC's work. MHLAC staff attorneys did the legal work for the plaintiffs in this case.

[4]The plaintiffs brought this case as a class action pursuant to Mass. R. Civ. P. 23, 365 Mass. 767 (1974). The plaintiff class was provisionally certified on December 21, 1994, and found to include approximately 2,000 members "who, on or after July 12, 1991, were or are admitted or committed to Worcester State Hospital or Westborough State Hospital and who were or are during their admission or commitment recipients of Social Security Disability Insurance benefits paid pursuant to Title II of the Social Security Act."

[5]Prior to filing the complaint, the plaintiffs had signed an agreement with the Legal Assistance Corporation of Central Massachusetts (LACCM) that any fees recovered by them in this action would be turned over to LACCM. LACCM, in turn, designated attorneys from MHLAC to work with LACCM in the litigation and, pursuant to an agreement among the legal aid organizations involved, any attorney's fees recovered were to be allocated among the organizations. According to MHLAC's former executive director, any fees

amount of such award to be agreed on by the parties. In a "Stipulation of Settlement of Attorneys' Fees," the defendants agreed that the plaintiffs would be paid $40,000 for the work done by MHLAC if the defendants did not appeal the issue of "MHLAC's entitlement to fees" or lost such an appeal.[6] The judge approved this stipulation of settlement, and subsequently dismissed the complaint with prejudice.

2. *Discussion.* Section 1988 authorizes a judge, in her discretion, to award reasonable attorney's fees to a prevailing party in any action to enforce a provision of § 1983.[7] 42 U.S.C. § 1988. See *Perini Corp.* v. *Commissioner of Revenue*, 419 Mass. 763, 772, cert. denied, 516 U.S. 822 (1995); *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 452 (1981), cert. denied sub nom. *Draper* v. *Prescott*, 456 U.S. 947 (1982). The purpose of the statutory provisions permitting an award of attorney's fees to prevailing plaintiffs is both to promote civil rights enforcement and to deter civil rights violators, by encouraging private lawsuits aimed against civil rights abuses. See *Lincoln St. Realty Co.* v. *Green*, 374 Mass. 630, 631-632 (1978); *Coutin* v. *Young & Rubicam, P.R., Inc.*, 124 F.3d 331, 337 (1st Cir. 1997); S. Rep. No. 1011, 94th Cong., 2d Sess. 2-3 (1976). See also *Hensley* v. *Eckerhart*, 461 U.S. 424, 429 (1983).

"There are essentially two prerequisites to an award of attorneys' fees under § 1988, both derived from the language of that section: first, that the applicant be considered a 'prevailing party' in the litigation; and second, that a court exercise its 'discretion' to award fees in the applicant's favor." *Draper* v.

paid for the MHLAC attorneys' work in this case will be received by MHLAC's trust account to be used in MHLAC's future legal representation of indigent persons and for its legal education programs.

In addition to MHLAC, the plaintiff class was also represented by lawyers from three other legal aid organizations: the Center for Public Representation, Cambridge and Somerville Legal Services, and LACCM. The department agreed to pay attorney's fees in the amount of $50,000 for work performed by lawyers from these three legal aid organizations. The payment of fees to these three organizations is not at issue in this appeal.

[6] The stipulation does not preclude "plaintiffs from seeking a reasonable attorneys' fee for work performed by the MHLAC attorneys during the course of an appeal in this matter on which plaintiffs prevail."

[7] Because of the similarity of analysis concerning the three statutes governing award of attorney's fees, for convenience we conduct our analysis by reference to 42 U.S.C. § 1988 (1994), as the motion judge did. See note 8, *infra.*

*Town Clerk of Greenfield, supra.*[8] To be a prevailing party for § 1988 fee purposes, the plaintiff must "succeed on any significant issue in litigation which achieves some of the benefit the [party] sought in bringing suit." *Id.* at 453, quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). The department does not challenge the trial judge's finding that the plaintiffs are a prevailing party within the meaning of § 1988. Instead, the department challenges the judge's discretionary award of fees, arguing that discretion should have been used to deny the fees.

"Discretion to deny fees . . . is limited. Congress intended that successful plaintiffs 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' S. Rep. No. 1011, 94th Cong., 2d Sess. 4 (1976)." *Johnson v. Commissioner of Pub. Welfare*, 419 Mass. 185, 191 (1994), quoting *Stratos v. Department of Pub. Welfare*, 387 Mass. 312, 319 (1982). See *Perini Corp. v. Commissioner of Revenue, supra* at 772 (same); *Globe Newspaper Co. v. Commissioner of Revenue*, 410 Mass. 188, 197 (1991) (same). The department contends that there are such special circumstances here because an award of attorney's fees levied against one State agency, paid out of the treasury, to a second State agency, which deposits the funds back into the treasury, would result in a useless, circular accounting exercise that would neither encourage civil rights enforcement nor deter civil rights violations. The department argues, therefore, that the judge abused

---

[8]The two Federal statutes under which the attorney's fee claim is made contain similar fee-shifting provisions that provide for a court to use its discretion in making the determination of an award. See 42 U.S.C. § 1988 ("the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee"); 42 U.S.C. § 12205 (1994) (same). In contrast, the Massachusetts Civil Rights Act provides that "[a]ny aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court." G. L. c. 12, § 11I. Although this statute is worded in language that appears to afford the judge less discretion, we have commented that the analysis of the award of fees under this statute is similar to the analysis under the Federal statutes. See, e.g., *Cronin v. Tewksbury*, 405 Mass. 74, 75 (1989), citing *Stratos v. Department of Pub. Welfare*, 387 Mass. 312, 321 (1982), and *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 821-823 (1985) (commenting, in case where sole issue concerned correctness of denial of attorney's fees under § 1988 and G. L. c. 12, § 11I, that "[w]e look primarily to Federal law in determining whether to award attorney's fees"). See also *Phillips v. Youth Dev. Program, Inc.*, 390 Mass. 652, 657 (1983) (G. L. c. 12, §§ 11H, 11I, are State analogues to 42 U.S.C. §§ 1983, 1988).

her discretion in awarding attorney's fees because these special circumstances "would render an award of attorneys' fees a useless, wasteful, and therefore 'unjust' exercise that would not serve any of the purposes of the fee-shifting statutes." We are unconvinced.

The special circumstances exception to the award of fees pursuant to § 1988 is a narrow one. See *Johnson* v. *Commissioner of Pub. Welfare, supra* at 191; *Stratos* v. *Department of Pub. Welfare, supra* at 320. We have, for example, concluded that the special circumstances exception cannot be invoked merely because "the case was fairly simple [or] because the plaintiffs were represented by legal services attorneys" (citations omitted). *Draper* v. *Town Clerk of Greenfield, supra* at 455. Similarly, we did not discover special circumstances rendering an award of attorney's fees unjust where the defendant claimed that there were limited benefits achieved by the action, that it acted in good faith, or that the award burdened State taxpayers. See *Society of Jesus of New England* v. *Boston Landmarks Comm'n*, 411 Mass. 754, 758 (1992); *Stratos* v. *Department of Pub. Welfare, supra; Porter* v. *Treasurer & Collector of Taxes of Worcester*, 385 Mass. 335, 342 (1982).

The department points to a case outside this jurisdiction, *Thorsted* v. *Gregoire*, 841 F. Supp. 1068 (W.D. Wash. 1994), aff'd sub nom. *Thorsted* v. *Munro*, 75 F.3d 454, 456 (9th Cir. 1996), to support its view that the special circumstances exception should also include situations where an award of fees was "unnecessary" to serve the statutory purposes of deterrence or promotion of enforcement. We agree with the motion judge that *Thorsted* does not help the department. *Thorsted* involved a challenge to the constitutionality of a State law enacted by voter initiative. *Thorsted* v. *Gregoire, supra* at 1071. To support its judgment denying the award of fees, however, the *Thorsted* court relied on a "totality of circumstances" including seven general facts, some of which are not present here. *Id.* The court found, for example, that a "typical civil rights case" was not involved and no award was needed to serve the purpose of § 1988; that there was no way to settle the case by agreement; that no relief was won under the § 1983 claims beyond that won under the constitutional claims; and that the challenged legislation was adopted by a voters' initiative, and not by State officials, and thus the deterrent purpose connected with § 1983 was "inapplicable." *Id.* The United States Court

of Appeals for the Ninth Circuit affirmed, noting that "the district court did not abuse its discretion by denying fees based on the totality of the circumstances it identified." *Thorsted* v. *Munro, supra* at 456. It is by no means clear that the *Thorsted* courts would have found special circumstances warranting a denial of fees solely based on the fact the deterrent purpose of § 1983 was inapplicable and the award was not needed to serve the purpose of § 1988, as the department implies.

Even assuming that other courts have concluded that the special circumstances exception bars fee awards that do not serve the statute's deterrent purpose — an assumption we view as dubious, at best — we decline to join in any such extension of the scope of the special circumstances exception, as the department, in effect, urges. We instead adhere to the well-established standard that an award of fees could be denied where "special circumstances render[] such an award unjust." *Globe Newspaper Co.* v. *Commissioner of Revenue, supra* at 197, citing *Blanchard* v. *Bergeron*, 489 U.S. 87, 89 (1989). The department has articulated no injustice that will be worked against it by such an award, and would be hard pressed to do so given its assertion that the award will not come from its budget or accounts.

Even if we were to agree with the widening of the special circumstances exception in essence urged by the department, which we do not, the department would have to demonstrate convincingly that the award of fees was in fact useless, wasteful, or did not serve the deterrence or enforcement purposes of the statutes. We note that for many years awards of attorney's fees to legal services organizations have been recognized as serving the statutory purposes of § 1988.[9] See, e.g., *Dennis* v. *Chang*, 611 F.2d 1302, 1305 (9th Cir. 1980); *Mid-Hudson Legal Servs.* v. *G & U, Inc.*, 465 F. Supp. 261, 262, 270 (S.D.N.Y. 1978). See also *Darmetko* v. *Boston Hous. Auth.*, 378 Mass.

---

[9]The department suggests that cases concerning fee awards to legal aid organizations have no bearing on this case because the recovery of fees here is by a "State agency," MHLAC, and the resulting transfer of fees from one treasury account to another would be circular, having no deterrent or enforcement effect. As discussed below, however, the department has not proved that the fee award would be pointlessly circular. In terms of mission, clients served, lack of charges to clients, and diversity of possible funding sources, see G. L. c. 221, § 34E, MHLAC also bears similarities to nonprofit legal services organizations.

758, 763-764 (1979), quoting *Lincoln St. Realty Co.* v. *Green*, 374 Mass. 630, 631 (1978) ("when attorney's fees are statutorily authorized legal service organizations are entitled to receive such awards"). The fact, for example, that a plaintiff is represented by a public interest law firm that otherwise would be entitled to no fee does not foreclose the award of fees pursuant to § 1988 or render such an award purposeless under that statute.[10] See *Blanchard* v. *Bergeron, supra* at 93, citing *Davis* v. *County of Los Angeles,* 8 Empl. Prac. Dec. (CCH) par. 9444 (C.D. Cal. 1974). See also *Champagne* v. *Commissioner of Correction,* 395 Mass. 382, 395 (1985), citing *Darmetko* v. *Boston Hous. Auth., supra* at 765. Congress contemplated and was well aware that State agencies and their officials would not infrequently be named as defendants in civil rights actions, and that State-funded legal services organizations would often represent plaintiffs against the State in civil rights cases. See *Dennis* v. *Chang, supra.*

The department argues, nonetheless, that a fee award here would not serve the deterrent purpose of the fee-shifting statutes because the fees would not be paid by the department but would be paid out of the treasury from the Commonwealth's centralized settlements and judgments fund. After the plaintiffs turned the fees over to MHLAC, it continues, MHLAC, as a "State agency," would be required to redeposit those funds into the treasury's general fund. See G. L. c. 29, § 2. As a consequence, the department asserts, "an award of fees would not result in additional funding for enforcement of civil rights by MHLAC, would not have any net impact on the Treasury[,] . . . would not affect settlement incentives in civil rights cases in which MHLAC is involved . . . [and] would have no deterrent effect on DMH." This line of reasoning depends on the department's demonstrating that the department would not pay the fees, and that MHLAC could not retain use of the fees.

Courts repeatedly have recognized that the award of attorney's fees is to the plaintiff, not the attorney representing the plaintiff. See *Venegas* v. *Mitchell,* 495 U.S. 82, 87-88 (1990); *Evans* v. *Jeff D.,* 475 U.S. 717, 730 n.19 (1986). The department's claim that the award is pointless and circular because it

---

[10]Consequently, we find little that is germane in the department's observation that the "plaintiffs have not incurred any out-of-pocket expenses associated with the cost of legal services performed by the class counsel," or that "MHLAC staff attorneys are compensated through salaries included in the Legislature's annual appropriation to MHLAC."

would pass from the treasury to MHLAC and back to the treasury is unpersuasive because the award is not owed to MHLAC, but to the prevailing party, here, the class plaintiffs. What is done with those fees by the prevailing party is ordinarily not the concern of the losing party or determinative of the propriety of the award.[11] Notably, courts have concluded that a plaintiff's payment obligation to counsel, or the lack thereof, is not dispositive in determining the reasonableness of attorney's fees awarded by a court pursuant to § 1988. *Blanchard* v. *Bergeron, supra* at 92-93, and cases cited. See *Blum* v. *Stenson*, 465 U.S. 886, 894-895 (1984).

The department has, in any event, not convinced us that MHLAC could not retain use of the fees. MHLAC does not dispute that any funds received from an award of attorney's fees must be deposited into the treasury, but argues that such funds could be deposited in MHLAC's trust account in the treasury for use in pursuing other civil rights violations, and would not have to be returned to the treasury's general fund.[12] We need not address this question because we consider here only whether the department must comply with the order to pay attorney's fees to the plaintiffs.

Even if the payment indeed went from one central treasury account, unconnected to the department, to another, unconnected to MHLAC, the department has not shown that there would be no accounting record reflecting that the transfer was to settle a complaint for the department's alleged civil rights

---

[11]The fact that the "Stipulation of Settlement of Attorneys' Fees" provides that any payment of fees owed the plaintiffs for that portion of the legal work done by MHLAC will actually be paid directly to MHLAC, "subject to defendants' receipt of the fee agreement between plaintiffs and plaintiffs' counsel (or some other appropriate documentation reflecting plaintiffs' authorization for payment of fees by defendants directly to plaintiffs' counsel)," does not change our analysis. The provision that any such direct payment is subject to documentation of the plaintiffs' authorization in fact underscores the point that the fees are owed the plaintiffs, not MHLAC.

[12]MHLAC is authorized to receive Federal funds and "may accept gifts, grants or contributions from any source and may expend the same, for the purpose of compensating [its] mental health legal advisors." G. L. c. 221, § 34E. MHLAC argues that "contributions from *any* source" would include "the transfer of attorneys' fees from the plaintiff class to MHLAC." The department disagrees, arguing that attorney's fees are not "contributions," and that, pursuant to art. 63, § 1, of the Amendments to the Massachusetts Constitution, State agencies are not free to expend funds they receive except as provided by the Legislature and must deposit such funds into the treasury.

violations. We observe, for example, that current regulations require the filing of a report with the general counsel of the comptroller when certain litigation involving a monetary claim against the Commonwealth terminates in a final settlement or judgment and that the report must indicate the amount of any attorney's fee award and include "a description of the basis for the request" for payment of the settlement or judgment.[13] See 815 Code Mass. Regs. § 5.09(1)(a)(5) (1993). To the extent such a record of payment would be created and helped increase accountability for practices of the department, the payment could not be discounted as "pointless and wasteful." In sum, the department has not shown that the award will be pointless and will not serve the enforcement or deterrent purposes of the statute.[14]

Finally, as the department admits, "the determination whether to award fees is squarely within the trial court's discretion, and a court therefore *may* exercise its discretion to deny fees based on the existence of special circumstances" (emphasis added). The department faces a high hurdle when it asks us to overturn a judge's exercise of such discretion to award fees. We have said that, "[a]t the appellate level, even the narrow 'special circumstances' exception to the general rule favoring fee awards has been applied only to affirm trial judges' initial decisions to deny fees, rather than to overturn decisions to award fees." *Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 320 (1982). This case is certainly not one that calls for the extraordinary invocation of the special circumstances exception to overturn on appeal a judge's decision to award attorney's fees.

*Judgment affirmed.*

---

[13]Similarly, 815 Code Mass. Regs. §§ 6.01(2) et seq. (1993) provide procedures for interdepartmental financial transactions to "ensure that transfers of funds between departmental accounts are properly authorized . . . and accounted for."

[14]Because it has not made such a showing, we need not address the department's argument that it is "unjust" under equity principles to order a useless act.