Agnes, A.J.
1. Background of the Litigation
This is a motion by the plaintiffs, inmates in the Massachusetts Corrections system, for an award of attorneys fees and costs in the amount of $153,560.62 arising out of litigation filed in 1995 that led to injunctive relief in their favor from this court (Kottmyer, J.), as well as to a settlement agreement with the Department of Corrections (DOC) that was concluded in January 2003. The essential facts as appearing in the parties’ papers are not in dispute. The Settlement Agreement provides, in part, that “[t]he DOC on behalf of all the Defendants, will pay to Peter P. D’Errico, Esq., Robert T. Doyle, Jr., and William A. Norris, attorneys for the Plaintiffs, reasonable attorneys fees in the litigation.” Settlement Agreement Para. 2. Plaintiffs’ complaint alleged unlawful discrimination by the DOC in violation of both state and federal constitutional and statutory provisions that deprived the plaintiffs’ of their right to freely exercise their religious beliefs, including, in particular, the refusal of the DOC to permit the plaintiffs from participating in a Native American Purification Lodge ceremony. The plaintiffs secured injunctive relief in 1995, but were not successful at a trial that was held in 1999. However, on October 21, 2001, during the hearing of the plaintiffs appeal, at the suggestion of a panel of the Appeals Court, settlement discussions were commenced between the parties. The negotiations led to a final settlement, and on March 20, 2003, the Appeals Court entered an order approving a joint stipulation of dismissal.
2. Basic Facts Relating to Counsel Fees
The attorneys for the plaintiffs have each prepared detailed accounts for attorneys fees which have been submitted to and reviewed by DOC. Attorney d’Errico’s account consists of 24 pages, 21 pages of which represent an item by item chronological account of billable hours beginning on November 22, 1992 to and including March 20, 2003. Attorney d’Errico’s account also includes quarterly expenses by year and category, and a breakout of hours, fees, and other expenses before and after the federal Prison Litigation Reform Act adopted in 1995.[1] 42 U.S.C. §1997e(d). His total fee request is $58,140.50. Attorney Robert T. Doyle’s account consists of 14 pages, 13.5 of which represent an item by item account of billable hours beginning on January 13, 1994 to and including March 4, 2003. Attorney Robert T. Doyle’s account also includes a *192 summary of hours prior to and following the Prison Litigation Reform Act of 1996, and a summary of his expenses. His total fee request is $62,130.47. Finally, attorney William A. Norris’s account consists of 12 pages, consisting of a chronological account of billable hours from December 9, 1994 to and including May 10, 2000. Attorney Norris’s account seeks a total reimbursement of $31,223.39. After a period of negotiation, by letter dated September 30, 2003, DOC notified the attorneys that it was willing to pay $30,900.00 in attorneys fees. The defendants maintain that the plaintiffs request for fees is excessive and “should be substantially reduced by this court.” Defendants’ memorandum in Opposition at 1.
3.Process Considerations
Pursuant to Superior Court Rule A(c) (2), the plaintiffs have requested a hearing and the defendants have given their assent. In a complex case such as this, a hearing is appropriate. In order to make the hearing more useful, the court issues this Memorandum and Order outlining the applicable law and the areas of the fee requests concerning which the parties may wish to submit additional materials.
4.Basis for Award of Attorneys Fees and Costs
Contrary to the view expressed by DOC in its Memorandum of Law In Support of Defendants’ Opposition, the request for attorneys fees in this case is based on both state and federal law. The plaintiffs rely on 42 U.S.C. §1988 to support their claim for attorneys fees insofar as they alleged violations of federal law pursuant to 42 U.S.C. §1983. Likewise, plaintiffs rely on G.L.c. 12, §111 which provides that “[a]ny aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys fees.”
5.Standards Governing Award of Attorneys Fees and Costs
In Kadlick v. Department of Mental Health, 431 Mass. 850, 852 (2000) (citations, quotations and footnotes omitted), the Supreme Judicial Court explained the standard for judicial review of fee requests based on 42 U.S.C. §1988:
Section 1988 authorizes a judge, in her discretion, to award reasonable attorneys fees to a prevailing parly in any action to enforce a provision of §1983. The purpose of the statutory provisions permitting an award of attorneys fees to prevailing plaintiffs is both to promote civil rights enforcement and to deter civil rights violators, by encouraging private lawsuits aimed against civil rights abuses.
There are essentially two prerequisites to an award of attorneys fees under §1988, both derived from the language of that section: first, that the applicant be considered a “prevailing party” in the litigation; and second, that a court exercise its “discretion” to award fees in the applicant’s favor. To be a prevailing party for §1988 fee purposes, the plaintiff must succeed on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit.
The standard is essentially the same in assessing a request for attorneys fees under state law. See Id., 431 Mass, at 853 n. 8 discussing Stratos v. Department of Public Welfare, 387 Mass. 312, 317 (1982).
The PLRA, codified at 42 U.S.C. §1997e(d)(1), provides, in part, that with respect to actions brought by persons confined in a correctional facility, attorneys fees under 42 U.S.C. §1988 “shall not be awarded except to the extent that (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiffs rights . . . and (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation, or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.”
For purposes of this analysis, the court assumes that (1) the federal PLRA governs the analysis of the fee requests in this case for the period of time following its effective date, see Kadlick, supra, 431 Mass, at 853 n. 7, (2) that the PLRA took effect upon its signature by the President which occurred on April 26, 1996, and that in accordance with 42 U.S.C. §1997e(d)(3), attorneys fees incurred thereafter cannot exceed $90.00 for in court work [150% of the $65.00 hourly rate under 18 U.S.C. §3006A] and $60.00 for out-of-court time [150% of the $35.00 hourly rate under 18 U.S.C. §3000A). Furthermore, insofar as defendants maintain that the PLRA has altered the pre-1996 definition of “prevailing party” for purposes of a fee recovery under 42 U.S.C. §1988, see Defendants’ Memorandum in Opposition at 5, quoting 42 U.S.C. § 1997(e)(d)(1)(A), there is nothing in the PLRA which provides that a negotiated settlement agreement which represents a vindication of the rights asserted by the plaintiff that previously were not recognized by the defendants cannot constitute proof of an “actual violation” of the plaintiffs’ rights. See Draper v. Town Clerk of Greenfield, 384 Mass. 444, 453 (1981), cert, den. sub nom. Draper v. Prescott, 456 U.S. 947 (1982) (“[F]ees can be awarded when cases end in a negotiated settlement”). In any case, the defendants agreed to the payment of reasonable attorneys fees in the settlement agreement which trumps any provision to the contrary in the PLRA.
6.Specific Objections Raised by DOC
DOC raises a number of specific objections to the fee requests by the three attorneys who represented the plaintiffs in this case.
First, DOC maintains that the hourly rates established by plaintiffs’ attorneys relating to work performed prior to April 26, 1996 are unreasonable. Defendants’ Opposition at 6-7. Attorney d’Errico set his hourly rate at $125.00 while attorneys Doyle and Norris set their hourly rates at $175.00. The assessment of an attorney’s hourly rate in this context calls *193 for an exercise of discretion by the court based on a consideration of the average rates in the attorney’s community for similar work by attorney’s with comparable experience. Stratos v. Dept of Public Welfare, 387 Mass. 312, 323 (1982) (setting forth 12 criteria that apply to determination of reasonableness of a fee). Put more simply, “the fair market rates for time reasonably spent should be the basic measure of reasonable fees ...” Id. There is nothing before me with regard to the years of experience of counsel nor the market rates in the locations in which they practice. Compare, Ali v. Dubois, Middlesex Superior Court No. 951614 (April 2, 1999) (Bohn, J.) (10 Mass. L. Rptr. 69) (Court makes reference to background, experience and prevailing market rates in determining reasonableness of $125 hourly charge). Accordingly, the parties are invited to submit affidavits on the question of the reasonableness of the hourly rates.
Second, DOC challenges the calculation of the recoverable fees for work performed prior to April 26, 1996 because there is no differentiation between services performed in court and out of court. See Dear v. City of Gloucester, 789 F.Sup. 61, 66 (D.Mass. 1992). Defendants’ Opposition at 7. This distinction is reflected in the compensation rate schedules established under both state and federal law for the representation of indigent persons, and is customarily maintained in cases in which a recovery of attorneys fees is sought. Accordingly, the attorneys are invited to submit amended accounts which reflect this distinction and any difference in the hourly rates for in-court and out-of-court services.
Third, DOC objects to the account submitted by attorney Norris because he appears to base its calculation of recoverable fees on a constant rate of $175 per hour both prior to and after the passage of the PLRA. See Plaintiffs’ Motion for the Determination of Fees and Costs, Exhibit D at 12. Based on this objection, DOC maintains that attorney Norris’s fee request should be reduced by $8,250.00. Accordingly, attorney Norris is invited to submit an amended account to reflect the different applicable hourly rates before and after passage of the PLRA.
Fourth, DOC maintains that the plaintiffs’ fee request should be reduced because many of the hours itemized in their attorneys’ accounts were duplicative. When more than one lawyer represents the prevailing party or parties, there can be no recovery of attorneys fees for work by one lawyer that amounts to a duplication of the efforts made by another lawyer, or that represents work that ordinarily is performed by persons other than lawyers. Defendants’ Opposition at 8, citing Rolland v. Cellucci, 106 F.Sup.2d 128, 141 (D.Mass. 2000), citing Reynolds v. Coomey, 567 F.2d 1166, 1167(1st Cir, 1978). Defendants point to several specific areas where there may be duplication of efforts(1) 105.35 total hours by 3 lawyers in preparation of the complaint; (2) $3,635 total fees and expenses for 3 lawyers to file the complaint in the Worcester Superior Court; (3) $2,580.00 total fees and expenses for 3 lawyers to attend the preliminary injunction hearing; (4) $2,327,50 total fees and expenses for 3 lawyers to attend the motion for class certification and contempt hearing; and (5) $522.00 total fees and expenses for 3 lawyers to attend the motion to compel joinder hearing. The parties are invited to submit affidavits or any additional materials with regard to these aspects of the fee requests.
Fifth, DOC maintains that the plaintiffs’ fee request should be reduced because many of the hours itemized in their attorneys’ accounts are inadequately explained or detailed. Defendants’ Opposition at 10-12, citing Deary v. City of Gloucester, 9 F3d 191, 197-98 (1st Cir. 1993), and Okot and Carlo v. Conicelli, 180 F.Sup. 238 (D.Mass. 2002). At a minimum, an accounting in support of a motion for attorneys fees in a case such as this should specify (1) the legal task performed or supported (e.g., research or writing relating to x; conversation, correspondence or conference relating to x; where “x” is a legal task such as a motion), and (2) the number of hours performed on that task. Here, the attorneys’ accounts consist of allotments of time in appropriately small increments, but the accounts lack enough detail to enable the court to relate the hours consumed to discrete legal tasks. For example, a number of the account entries refer to correspondence or co-counsel meetings without any connection to legal tasks involved in this litigation. DOC also points out a series of entries that do not appear on their face to be for matters that are related to this litigation. See Defendants’ Opposition at 11 -12. The plaintiffs’ attorneys are invited to submit amended accounts and the parties are invited to submit affidavits or any additional materials with regard to these aspects of the fee requests.
Sixth, DOC maintains that the plaintiffs’ fee request should be reduced under the PLRA because “the amount of the attorneys fees sought is out of proportion to the relief obtained by the plaintiffs through this action ... a preliminary injunction providing access to a number of Native American sacred items and a settlement agreement providing plaintiffs with regular access to a purification lodge.” Defendants’ Opposition at 12. However, the plaintiffs are correct in pointing out that prisoner litigation grounded on claims of religious freedom involve complex questions which implicate the interplay between state and federal constitutional law. Also, the plaintiffs were required to investigate and present evidence of spiritual practices of Native Americans that are not widely known or understood. See Plaintiffs Memorandum at 10-13. In particular, with regard to the question of impact, it appears to the court that the plaintiffs are warranted in stating that “the success of this litigation marks an historic milestone in the treatment of Native Americans spiritual practices in Massachusetts as else *194 where, where centuries of disrespect and direct suppression have burdened whole communities.” Plaintiffs’ Memorandum at 13 para. 29. See Ali v. Dubois, supra. Thus, while the defendants are free to submit any additional material bearing on their proportionality claim for reduction, the briefs on file do not support an argument for any reduction of the fee requests on this basis.
ORDER
7. For the above reasons, this matter should be set down for a hearing on the issues and questions considered above in connection with the plaintiffs’ motion for a determination of fees and costs. The parties may submit additional affidavits or materials provided that the same are delivered to the clerk and served no later than 5 days before the date of the hearing.

 In Longval v. Superior Court Department, 434 Mass. 718, 719-20 (2001), the Supreme Judicial Court explained that ‘‘the PLRA (1) authorized Federal courts to dismiss frivolous civil actions commenced by prisoners; (2) empowered courts to impose partial filing fees on prisoners able to pay; (3) limited the amount of attorneys fees that prisoners can collect pursuant to 42 U.S.C. §1988 (1994); (4) permitted defendants named in actions filed by prisoners to waive the right to reply to civil complaints without admitting any of the allegations set forth within; and (5) required prisoners to exhaust administrative remedies before seeking judicial relief. ”