Agnes, A.J.
1. On December 10, 2003, this court entered an order with respect to the plaintiffs’ motion for an award of attorneys fees and costs in the amount of $153,560.62 [17 Mass. L. Rptr. 143] arising out of litigation filed in 1995 that led to injunctive relief in their favor from this court (Kottmyer, J.) as well as to a settlement agreement with the department of Corrections (DOC) that was concluded in January 2003. This court conducted a further hearing on January 22, 2004 and received additional affidavits and supporting materials from counsel for the plaintiffs.
2. This court recognizes, as counsel for the plaintiffs maintain, that time spent by counsel in preparing for *516 the hearing that is held to establish a fee award should be compensated at the same rate as other aspects of the case. See Stratos v. Department of Public Welfare, 387 Mass. 312, 325 (1982).
3. In the Memorandum and Order of December 10, 2003, it was assumed that the federal Prison Litigation Reform Act (PLRA) adopted in 1995, which limits attorney fees incurred after April 26, 1996 in actions brought under 42 U.S.C. §1988 to $90.00 for in-court work and $60.00 for out-of-court, governed the fee award determinations in this case. Upon reflection, that assumption was not warranted. This is a case in which the plaintiffs prevailed on federal and state law grounds and in which the defendants entered into a settlement agreement in which they promised to pay the plaintiffs “reasonable attorneys fees in the litigation.” Accordingly, the determination of the fee awards in this case is based on Massachusetts common law and practice.
4. In addition to a dispute over the applicability of the PLRA, the defendants also raised several other categories of objections to the proposed fee awards. I have reviewed the various affidavits and other submissions by the parties and considered the legal arguments. This litigation was complex and demanding, the legal work was not easily divisible among counsel, and it extended over a great many years. Based on a consideration of the totality of the facts and circumstances, I specifically reject the other arguments by the defendants for a reduction in the fees (alleged duplication of services, alleged inadequate documentation, and a claim of lack of proportionality between fees sought and relief obtained).
5. The fee request by attorney d’Ericco for the period November 22, 1992 to and including March 2003 is $58,140.50. That is based on approximately 620 hours of work between 1992 and 2003 as set forth in his itemized time sheet contained in the plaintiffs’ motion of October 14,2003. Based on the affidavit and supporting material, I credit attorney d’Errico with at least an additional 21 hours of compensable time in preparation for the fee compensation proceedings. However, he has not differentiated between in-court and out-of-court hours between 1992 and 1996. Based upon a review of all the materials submitted by the parties, I find and rule that the hourly rate of $125.00 originally offered by attorney d’Errico is reasonable and appropriate as an in-court rate. However, I find that it is customaiy for litigation counsel to differentiate between in-court and out-of-court rates, and customaiy for such a differentiation to be recognized in the context of attorney fee awards of this nature. Because counsel did not submit any such differentiation, I will establish it as follows: $100.00 for out-of-court services and $125.00 for in-court services. Accordingly in the case of attorney d’Errico the total compensation award will be $100 for those hours between 11/22/1992 and 1/22/04 that constitute out-of-court work and $125 for those hours during that period which represent in-court work. Because the court has not been provided with sufficient data to make the calculation, counsel should submit an additional affidavit and proposed order based on this Memorandum.
5. The fee request by attorney Robert Doyle is $62,130.47 based on approximately 520 hours of work. His fee request is accompanied by a detailed itemization set forth as well in the plaintiffs’ motion dated October 14, 2003. Attorney Doyle has requested compensation at the rate of $175.00 per hour. Based upon a review of all the materials submitted by the parties, I find and rule that the hourly rate of $175.00 originally offered by attorney Doyle is excessive. Based on a consideration of the totality of the circumstances, a reasonable and appropriate rate is $150 as an in-court rate. However, I find that it is customary for litigation counsel to differentiate between in-court and out-of-court rates, and customaiy for such a differentiation to be recognized in the context of attorney fee awards of this nature. Because counsel did not submit any such differentiation, I will establish it as follows: $120.00 for out-of-court services and $150.00 for in-court services. Accordingly in the case of attorney Doyle, the total compensation award will be $120 for those hours between 01/13/1994 and 1/22/04 that constitute out-of-court work and $150 for those hours during that period which represent in-court work. Because the court has not been provided with sufficient data to make the calculation, counsel should submit an additional affidavit and proposed order based on this Memorandum.
6. The fee request by attorney Norris is for $31,223.39 based on a total of approximately 177 hours of work. His fee request is accompanied by a detailed itemization set forth as well in the plaintiffs’ motion dated October 14, 2003. Attorney Norris has requested compensation at the rate of $175.00 per hour. Based upon a review of all the materials submitted by the parties, I find and rule that the hourly rate of $175.00 originally offered by attorney Norris is excessive. Based on a consideration of the totality of the circumstances, a reasonable and appropriate rate is $150 as an in-court rate. However, I find that it is customary for litigation counsel to differentiate between in-court and out-of-court rates, and customaiy for such a differentiation to be recognized in the context of attorney fee awards of this nature. Because counsel did not submit any such differentiation, I will establish it as follows: $120.00 for out-of-court services and $150.00 for in-court services. Accordingly in the case of attorney Norris the total compensation award will be $120 for those hours between 12/09/1994 and 1 /22/04 that constitute out-of-court work and $150 for those hours during that period which represent in-court work. Because the court has not been provided with sufficient data to make the calculation, counsel should submit an additional affidavit and proposed order based on this Memorandum.
ORDER
7. For the above reasons and those set forth in the court’s earlier Memorandum and Order of December 10, *517 2003, counsel for the plaintiffs are entitled to an award of attorneys fees for two reasons: first, because the plaintiffs meet the requirements of prevailing party status under federal and state law and second, because the terms of the settlement agreement between the parties establishes such a right. The determination of the appropriate fee is governed by Massachusetts common law and practice and not the federal Prisoner Litigation Reform Law. A differentiation in the compensable hourly rate as described above should be made between legal services rendered to clients out of court and those services rendered in court. Upon a consideration of the totality of the facts and circumstances, the total hours set forth by plaintiffs counsel in their itemized bills are accepted as compensable time provided that counsel differentiate between in-court and out-of-court time. The other arguments by the defendants for a reduction in the fees (alleged duplication of services, alleged inadequate documentation, and a claim of lack of proportionality between fees sought and relief obtained) are rejected.