75 F.3d 454
 96 Cal. Daily Op. Serv. 643
 Susan THORSTED, a registered voter of the State of
Washington; William First; Timothy S. Zenk; Margaret
Colony; League of Women Voters of Washington; George
Cheek; John Clute; Thomas Foley,
Plaintiffs-Appellees-Cross-Appellants,
v.
Ralph MUNRO; Christine O. Gregoire,
Defendants-Appellants-Cross-Appellees,
Limit, Sponsor of Initiative 573; Sherry Bochwinkel,
Defendants-Intervenors-Appellants-Cross-Appellees,
and
U.S. Term Limits; Alan M. Gottlieb; Lee Gill; Wilbur B.
McPherson, Defendants-Intervenors.
Susan THORSTED, a registered voter of the State of
Washington; William First; Timothy S. Zenk; Margaret
Colony; League of Women Voters of Washington; George
Cheek; John Clute; Thomas Foley, Plaintiffs-Appellees,
v.
Ralph MUNRO; Christine O. Gregoire, Defendants,
Limit, Sponsor of Initiative 573; Sherry Bochwinkel; U.S.
Term Limits; Alan M. Gottlieb; Lee Gill; Wilbur
B. McPherson, Defendants-Intervenors,
and
Citizens for Term Limits, Intervenor-Defendant-Appellant.
Susan THORSTED, a registered voter of the State of
Washington; William First; Timothy S. Zenk; Margaret
Colony; League of Women Voters of Washington; George
Cheek; John Clute; Thomas Foley, Plaintiffs-Appellees,
v.
Ralph MUNRO; Christine O. Gregoire, Defendants-Appellants,
and
Limit, Sponsor of Initiative 573; Sherry Bochwinkel; U.S.
Term Limits; Alan M. Gottlieb; Lee Gill; Wilbur
B. McPherson, Defendants-Intervenors.
Susan THORSTED, a registered voter of the State of
Washington; William First; Timothy S. Zenk, Plaintiffs,
and
Margaret Colony; League of Women Voters of Washington;
George Cheek; John Clute; Thomas Foley,
Plaintiffs-Appellants,
v.
Ralph MUNRO; Christine Gregoire, Defendants-Appellees,
and
Limit, Sponsor of Initiative 573; Sherry Bochwinkel; U.S.
Term Limits; Alan M. Gottlieb; Lee Gill; Wilbur
B. McPherson, Defendants-Intervenors-Appellees.
Susan THORSTED, a registered voter of the State of
Washington; Timothy S. Zenk; William First,
Plaintiffs-Appellants,
and
Margaret Colony; League of Women Voters of Washington;
George Cheek; John Clute; Thomas Foley, Plaintiffs,
v.
Ralph MUNRO; Christine Gregoire, Defendants-Appellees,
Limit, Sponsor of Initiative 573; Sherry Bochwinkel;
U.S. Term Limits; Alan M. Gottlieb; Lee Gill;
Wilbur B. McPherson,
Defendants-Intervenors-Appellees.
 Nos. 94-35222, 94-35223, 94-35267, 94-35285, 94-35287 and 94-35289.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 28, 1995.
Withdrawn from Submission June 29, 1995.
Resubmitted Aug. 18, 1995.
Decided Jan. 4, 1996.
Published Order Filed Jan. 30, 1996.
 
 Polly J. Price, Griffin B. Bell, James D. Miller, King & Spalding, Washington, D.C.; Cleta Deatherage Mitchell, Term Limits Legal Institute, Washington, D.C., Shawn T. Newman, Olympia, Washington, for appellants Limit and Sherry Bochwinkel.
 Ronald A. Zumbrum, Anthony T. Caso, Deborah J. LaFetra, Pacific Legal Foundation, Sacramento, California; John M. Groen, Pacific Legal Foundation, Bellevue, Washington, for defendants-intervenors-appellants, Citizens for Term Limits, et al.
 John G. Kester, Terrence O'Donnell, Timothy D. Zick, Williams & Connolly, Washington, D.C., for defendants-appellants U.S. Term Limits, Inc., et al.
 James K. Pharris and Jeffrey T. Even, Assistant Attorneys General, Olympia, Washington for defendants-appellants-cross-appellees Munro and Gregoire.
 Glen K. Thorsted, Bellevue, Washington, for plaintiffs-appellees-cross-appellants, Thorsted, Zenk and First.
 Frederic C. Tausend, Stephen A. Smith, Herbert E. Wilgis, III, Preston, Gates & Ellis, Seattle, Washington, for plaintiffs-appellees-cross-appellants Colony, League of Women Voters of Washington, Cheek, Clute, Foley.
 Raymond D. Battocchi, McLean, Virginia, for the Amicus Citizens United Foundation.
 Kevin J. Hamilton and Thomas More Kellenberg, Perkins Coie, Seattle, Washington, for the Amicus American Civil Liberties Union of Washington.
 Timothy E. Flanigan and Eric Grant, Jones, Day, Reavis & Pogue, Washington, D.C., and Daniel J. Popeo and Paul D. Kamenar, Washington Legal Foundation, Washington, D.C., for the Amicus Washington Legal Foundation, et al.
 Louis R. Cohen, Patrick J. Carome, W. Hardy Callcott, Robert F. Hoyt, Erik H. Corwin, Wilmer, Cutler & Pickering, Washington, D.C., for the Amicus, Henry J. Hyde.
 Appeal from the United States District Court for the Western District of Washington.
 Before: WRIGHT, POOLE, and WIGGINS, Circuit Judges.
 
 ORDER
 
 1
 The dispositive order filed January 4, 1996, is ordered published.
 
 ORDER
 
 2
 The district court in this case held unconstitutional Washington's Initiative Measure 573, which is codified at Wash.Rev.Code ch. 29. Thorsted v. Gregoire, 841 F.Supp. 1068 (W.D.Wash.1994). The Washington statute is, in effect, a term-limits provision. In light of the Supreme Court's subsequent decision in U.S. Term Limits, Inc. v. Thornton, --- U.S. ----, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995), we affirm the district court's finding of unconstitutionality. Because Thornton was decided on the basis of the Qualifications Clauses of the United States Constitution, U.S. Const., art. I, §§ 2 & 3, we affirm the district court solely on that ground. We do not reach the district court's alternative holding, that the state statute is also unconstitutional under the First and Fourteenth Amendments.
 
 
 3
 We also affirm the district court's denial of attorney fees under 42 U.S.C. § 1988. The court concluded that a combination of seven circumstances present in this case justified a denial of fees to plaintiffs, although they were "prevailing parties" on their 42 U.S.C. § 1983 claims. 841 F.Supp. at 1084; see Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (although prevailing plaintiffs "should ordinarily recover attorney's fee," fees may be denied where "special circumstances would render such an award unjust") (quotations omitted). As plaintiffs note, several of the circumstances identified by the district court would be insufficient, standing alone, to warrant a denial of fees. We hold, however, that the district court did not abuse its discretion by denying fees based on the totality of the circumstances it identified. See Teitelbaum v. Sorenson, 648 F.2d 1248, 1249 (9th Cir.1981) (per curiam) (the court reviews fee denials under section 1988 for an abuse of discretion).
 
 
 4
 Finally, we reject U.S. Term Limits' suggestion of mootness as to five plaintiffs. Four of the five plaintiffs identified by U.S. Term Limits (William First, Timothy S. Zenk, George Cheek, and John Clute) are registered Washington voters whose rights may be infringed by the Washington statute, notwithstanding Thomas Foley's reelection defeat. Cf. Burdick v. Takushi, 937 F.2d 415, 417-18 (9th Cir.1991) (voter has standing to challenge state prohibition on write-in voting), aff'd, 504 U.S. 428, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992); Erum v. Cayetano, 881 F.2d 689, 691 (9th Cir.1989) (voter has standing to challenge state election laws creating ballot access restrictions). Foley's claim also is not rendered moot by his defeat because, based on the allegations in the complaint (indicating his intent to seek reelection in the future), he faces a reasonable likelihood of future injury. See Western Oil & Gas Ass'n v. Sonoma County, 905 F.2d 1287, 1290-91 (9th Cir.1990) ("when the possibility of controversy remains, the case is not yet moot"), cert. denied, 498 U.S. 1067, 111 S.Ct. 784, 112 L.Ed.2d 846 (1991).
 
 
 5
 The district court's judgment is affirmed. Each party is to bear its own costs on appeal.