**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

AMERICAN BROADCASTING
COMPANIES, INC.; ASSOCIATED
PRESS; CABLE NEWS NETWORK;
CBS BROADCASTING INC.; FOX
NEWS NETWORK; NBC UNIVERSAL,
INC.,
   *Plaintiffs-Appellants,*

    v.

ROSS MILLER*, in his official
capacity as the Secretary of State
of Nevada,
   *Defendant-Appellee.*

No. 07-15227

D.C. No.
CV-06-01268-
PMP/RJJ

OPINION

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted
October 23, 2008—San Francisco, California

Filed December 12, 2008

Before: J. Clifford Wallace, Sidney R. Thomas, and
Susan P. Graber, Circuit Judges.

Per Curiam Opinion

---

*Ross Miller is substituted for his predecessor, Dean Heller, as Secretary of the State of Nevada. Fed. R. App. P. 43(c)(2).

## COUNSEL

J. Colby Williams (argued), Campbell & Williams, Las Vegas, Nevada; for the plaintiffs-appellants.

Nhu Q. Nguyen (argued), Senior Deputy Attorney General, Carson City, Nevada; for the defendant-appellee.

## OPINION

PER CURIAM:

Six media corporations ("Media Corporations") filed a civil rights suit against the Nevada Secretary of State pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief allowing them to conduct exit polling in the November 2006 general election. Specifically, the Media Corporations argued that section 293.740 of the Nevada Revised Statutes impermissibly restricted their free speech rights in violation of the First and Fourteenth Amendments, respectively, by making it unlawful for any person to speak to a voter on the subject of marking his or her ballot within 100 feet of a polling place's entrance. In a thorough opinion consistent with circuit precedent, *see Daily Herald Co. v. Munro*, 838 F.2d 380, 384 (9th Cir. 1988), the district court granted the Media Corporations' motion for a preliminary injunction and enjoined the Nevada Secretary of State from prohibiting the Media Corporations' exit polling activities. The district court subsequently granted the Media Corporations a permanent injunction.

Thereafter, the Media Corporations sought attorneys' fees pursuant to 42 U.S.C. § 1988(b). The district court denied the

request for fees. Its findings of fact and conclusions of law consisted of a single sentence:

> Having read and considered the foregoing, the Court finds that as argued by Defendant Heller in its Opposition (#27), special circumstances exist in this case similar to those presented in *Thorsted v. Munro*, 75 F.3d 454 (9th Cir. 1996), which warrant the exercise of this Court's discretion to deny Plaintiffs' Motion.

**[1]** In most situations, a prevailing party under § 1983 should be awarded attorneys' fees. "[A] court's discretion to deny fees under § 1988 is very narrow and . . . 'fee awards should be the rule rather than the exception.' " *Herrington v. County of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989) (quoting *Ackerley Commc'ns, Inc. v. City of Salem*, 752 F.2d 1394, 1396 (9th Cir. 1985)). The Supreme Court has held that "fees should be awarded as costs unless special circumstances would render such an award unjust." *Kentucky v. Graham*, 473 U.S. 159, 164 (1985) (internal quotations and citations omitted). When a district court departs from that general rule, it "must issue findings of fact and conclusions of law identifying the 'special circumstances' and explaining why they render an award unjust." *Sethy v. Alameda County Water Dist.*, 602 F.2d 894, 897 (9th Cir. 1979) (per curiam); *see also Herrington*, 883 F.2d at 744. A district court must adequately explain its decision-making process so an appellate court can engage in meaningful review. *See McGrath v. County of Nevada*, 67 F.3d 248, 254 (9th Cir. 1995).

**[2]** Here, the district court's ruling does not identify the special circumstances rendering the award unjust. The Secretary of State argues that the district court must have adopted the arguments advanced by the Secretary in opposition to the fee request. However, the district court had already rejected most, if not all, of those arguments in its detailed opinion granting the preliminary injunction. Further, the district court erred in its reliance on *Thorsted*, a decision we already con-

fined as based on factors "largely unique to that case." *Democratic Party v. Reed*, 388 F.3d 1281, 1285 (9th Cir. 2004).

**[3]** Rather than apply the *Thorsted* factors, we have employed a two-pronged test to determine whether special circumstances exist to justify denying attorneys' fees, namely whether: (1) awarding the attorneys' fees would further the purposes of § 1988; and (2) the balance of equities favors or disfavors the denial of fees. *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008); *Bauer v. Sampson*, 261 F.3d 775, 785-86 (9th Cir. 2001); *Gilbrook v. City of Westminster*, 177 F.3d 839, 878 (9th Cir. 1999). When employing this test, we have stressed that attorneys' fees should be denied "only in unusual cases, . . . such as when there is 'both a strong likelihood of success on the merits and a strong likelihood of a substantial judgment at the outset of litigation.' " *Mendez*, 540 F.3d at 1126 (quoting *Herrington*, 883 F.2d at 745).

**[4]** We therefore vacate the judgment of the district court and its order denying the motion for attorneys' fees, and remand to the district court for its analysis pursuant to *Mendez*, and for the entry of findings consistent with *Sethy*.

**REVERSED and REMANDED.**