

# FILED

**NOT FOR PUBLICATION**

FEB 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10322 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-00014-JCM-RJJ-1 |
| v. | |
| RENE OSWALD COBAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10545 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00014-JCM-RJJ-1 |
| v. | |
| RENE OSWALD COBAR, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10551 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00014-JCM-RJJ-2 |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

LUIS ANGEL GONZALEZ-LARGO,
AKA Lucho,

Defendant - Appellant.

Appeals from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Defendant-Appellant Rene Oswald Cobar appeals the district court's denial of his claim of sentencing entrapment, as well as its denial of his motion for a new trial. Defendant-Appellant Luis Angel Gonzalez-Largo joins in Cobar's appeal of the district court's denial of the motion for a new trial. We affirm.

1.      We review a district court's application of the Sentencing Guidelines "for abuse of discretion, and the district court's factual findings for clear error." *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008).

As a preliminary matter, Cobar argues that the district court failed to make sufficient factual findings supporting its denial of his sentencing entrapment claim. We disagree. Upon reviewing the record, we have no difficulty "ascertain[ing] what facts [the district court] relied upon in finding that [Cobar] did not adequately

prove sentencing entrapment." *United States v. Naranjo*, 52 F.3d 245, 251 (9th Cir. 1995).

On the merits, the district court did not abuse its discretion in denying Cobar's sentencing entrapment claim. To succeed on such a claim, a defendant must show "by a preponderance of the evidence: 1) the lack of intent to produce the quantity of drugs; and 2) the lack of capability to produce the quantity of drugs." *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009). Cobar failed to do either.

The record reveals substantial evidence that Cobar had both the "intent" and the "capability" to produce the quantity of drugs for which he was convicted. For example, there were more than twenty phone calls between Cobar and those involved in drug trafficking, demonstrating what the district court judge characterized as a "remarkable affinity and connection to various people who were involved in drug trafficking." Over the course of his dealings with an undercover police officer, Cobar revealed himself to be in contact with at least three drug suppliers, with whom he tried to orchestrate drug transactions.

In addition, when the undercover officer suggested that he and Cobar negotiate for 400 kilograms of cocaine, Cobar responded by stating that he had "up to 1,000 kilos of cocaine available." It was the officer who told Cobar to "slow

down" and limited the deal to 400 kilograms. If anything, the record suggests not that the Government induced Cobar to sell a larger quantity of drugs than he otherwise would have but, to the contrary, that it reduced the scale of the transaction from that which Cobar was prepared to undertake. That circumstance does not make for a plausible claim of sentencing entrapment.

2. "A district court must adequately explain its decision-making process so an appellate court can engage in meaningful review." *Am. Broad. Cos. v. Miller*, 550 F.3d 786, 788 (9th Cir. 2008) (per curiam). Cobar argues that the district court failed to do so in denying his motion for a new trial based on the deactivation of confidential informant Carlos Aguilar-Alvarez. We disagree.

Although the district court's order denying Cobar's motion was terse, the judge's extensive comments during the hearing make clear his reasons for the denial. The judge, who was the finder of fact at Cobar's bench trial, explained at the hearing that Aguilar-Alvarez's credibility was deeply suspect and that his role in Cobar's trial was minor. Furthermore, in his written order, the judge found "no relationship and no parallels between the case for which the confidential informant was deactivated and" Cobar's case. Evidence of Aguilar-Alvarez's deactivation was thus not material to the trial, nor would it have affected the judge's assessment of Aguilar-Alvarez's credibility. The denial of Cobar's motion for a new trial was

therefore not an abuse of discretion.  *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005).

Aguilar-Alvarez played even less of a role in the prosecution of Gonzalez-Largo than he did in Cobar's trial.  Therefore, the district court did not abuse its discretion in denying Gonzalez-Largo's motion for a new trial.

AFFIRMED.