**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 11-10391 |
| Plaintiff - Appellee, | 12-10394 |
| v. | D.C. No. 2:07-cr-00014-JCM |
| RENE OSWALD COBAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

In these consolidated appeals, Rene Oswald Cobar appeals pro se from the

district court's denial of his motion for a new trial and for an evidentiary hearing.

He also appeals from the district court's denial of his motions for copies of court

records and other documents and to dismiss the indictment. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 in appeal number 11-10391, and we affirm. We dismiss appeal number 12-10394.

In appeal number 11-10391, Cobar argues that the district court erred by denying his motion for an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Assuming without deciding that Cobar's motion for a *Franks* hearing was properly filed, our review is de novo. *See United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008). The district court properly denied the motion because Cobar has not shown that any government affiant made deliberately or recklessly false statements, and the warrant affidavits that he seeks to impeach contained "sufficient content . . . to support a finding of probable cause," even without reference to any of the allegedly false statements. *See Franks*, 438 U.S. at 171-72.

Cobar also argues that the district court erred by denying his motion for a new trial under *Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 33. We review de novo. *See United States v. Pelisamen*, 641 F.3d 399, 408 (9th Cir. 2011). Because the allegedly withheld evidence relating to the confidential informant was not material to Cobar's trial, *see United States v. Cobar*, 468 Fed. Appx. 748, 749-50 (9th Cir. 2012), denial of the motion for a new trial was proper. *See Brady*, 373 U.S. at 87; *United States v. Harrington*, 410 F.3d

598, 601 (9th Cir. 2005).

Cobar also alleges that the district court erred by denying his motion for a new trial or evidentiary hearing on the ground that the application and order for surveillance of his cell phone communications violated 18 U.S.C. § 2518.  We need not decide whether the alleged violations would support relief under section 2518(10) because Cobar had the opportunity to make a motion to suppress before trial and failed to do so.  *See* 18 U.S.C. § 2518(10)(a); *see also United States v. Torres*, 908 F.2d 1417, 1424 (9th Cir. 1990) (motion to suppress under section 2518(10)(a) is a pre-trial motion subject to forfeiture).

In appeal number 12-10394, Cobar contends that the district court erred by denying his motions for copies of various documents and his motion to dismiss the indictment.  The government argues that this appeal must be dismissed because the notice of appeal ("NOA") was untimely.  The district court entered its order denying Cobar's motions on May 17, 2012, and Cobar did not deliver his NOA to prison authorities for mailing until July 29, 2012.  Accordingly, his NOA was untimely, and dismissal of appeal number 12-10394 is mandatory.  *See* Fed. R. App. P. 4(b)(1)(A); Fed. R. Crim. P. 49(c); *United States v. Sadler*, 480 F.3d 932, 941-42 (9th Cir. 2007).

Cobar also argues that the district court constructively amended the

indictment by referring to drugs that may have been in a warehouse in Panama and by citing statutory subsections not referenced in the indictment. We decline to entertain these claims, which were not raised before the district court. *See Duckett v. Godinez*, 67 F.3d 734, 745 n.5 (9th Cir. 1995).

Cobar's motions to file a supplemental brief, filed on July 8, 2013, and September 20, 2013, are denied.

**Appeal No. 11-10391 AFFIRMED; Appeal No. 12-10394 DISMISSED.**